**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NEW PRIME, INC., | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | NO. 1:18-cv-00226-CCC |
| | : | |
| TRANSERVICE LOGISTICS, INC., ESTATE | : | |
| OF ALFRED D. KINNICK, DECEASED, | : | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | : | |
| OMG TRUCKING CORP., SHOTA | : | |
| MANVELIDZE, OLD DOMINION FREIGHT | : | |
| LINE, DANNY FANTOM, LANDES | : | |
| TRUCKING, DANIEL MOLLENKOPF, | : | |
| TOTAL TRANSPORTATION OF | : | |
| MISSISSIPPI LLC and CLARENCE HERMAN | : | |
| Defendants | : | |

**DEFENDANT DANNY FANTOM AND OLD DOMINION FREIGHT LINE,
INC.'S ANSWER, AFFIRMATIVE DEFENSES, CROSSCLAIMS
<u>AND COUNTERCLAIM</u>**

## <u>PARTIES</u>

1-3.   Denied.  Defendants Danny Fantom and Old Dominion Freight Line,

Inc. ("Old Dominion and Danny Fantom") are without knowledge or information

sufficient to form a belief as to the truth of the matters alleged in Paragraphs 1-3 of

the Complaint.

4.   Denied.  Old Dominion is a corporation duly organized and existing

under the laws of the State of Virginia.  It maintains a headquarters at Thomasville,

North Carolina.

5.     Denied as stated.  This paragraph avers conclusions of law as to which no responsive pleading is required.  To the extent that any response is required, the allegations contained in paragraph 5 are too vague to determine the meaning of "at all relevant times."  Therefore, they are denied.  It is admitted that on February 13, 2016, Danny Fantom was an employee of Old Dominion.  Strict proof is demanded at trial.

6.     Admitted in part, denied in part. The allegations contained in paragraph 6 are too vague to determine the meaning of "at all relevant times."  Therefore, they are denied.  It is admitted that Old Dominion owned the vehicle described in this averment. Strict proof is demanded at trial.

7.     Admitted in part, denied in part. The allegations contained in paragraph 7 are too vague to determine the meaning of "at all relevant times."  Therefore, they are denied.  It is admitted that Old Dominion owned the vehicle described in this averment. Strict proof is demanded at trial.

8.     Denied as stated.  This paragraph avers conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, it is admitted that on February 13, 2016 Old Dominion owned the vehicles described in paragraphs 6 and 7, and that said vehicles were being operated by Old Dominion employees.  Strict proof is demanded at trial.

9.     Admitted.

10.     Denied as stated.  This paragraph avers conclusions of law as to which no responsive pleading is required.  To the extent that any response is required, Danny Fantom was employed by Old Dominion on February 13, 2016. Strict proof is demanded at trial.

11.     Denied as stated.  This paragraph avers conclusions of law as to which no responsive pleading is required.  To the extent that any response is required, the vehicles were being operated by Old Dominion employees on February 13, 2016. Strict proof is demanded at trial.

12-38.  Denied as stated.  This paragraph avers conclusions of law as to which no responsive pleading is required.  By way of further answer, Defendants Danny Fantom and Old Dominion are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 12-38 of the Complaint.

## JURISDICTION AND VENUE

39-40.  Denied as stated.  These paragraphs aver conclusions of law as to which no responsive pleading is required.  By way of further answer, Danny Fantom and Old Dominion agree that the claims as pleaded, without being admitted as true, permit for jurisdiction and venue in this Judicial District.

## FACTS

41.     Answering Defendants incorporate their responses to paragraphs 1 through 40 above as if fully set forth herein at length.

42.     Admitted in part denied in part.  It is specifically denied that Danny Fantom driving an Old Dominion vehicle was travelling at mile marker 7.4 on February 13, 2016 with all the other vehicles identified.

43-44.  Denied.  This paragraph avers conclusions of law as to which no responsive pleading is required.  By way of further answer, it is denied that Danny Fantom and/or its driver were negligent, and struck any vehicles due to any negligence on their part.  By way of further answer, it is specifically denied that Old Dominion, Danny Fantom and /or its driver acted or failed to act in any improper manner whatsoever and as described in Plaintiff's Complaint.   Further, it is specifically denied that the accident between Mr. Fantom and Mr. Jakubik resulted in a blockage of all or a portion of both lanes of I-78 at or near mile marker 7.4.  To the contrary, immediately following their incident at mile marker 7.5  both Mr. Fantom and Mr. Jakubik moved their respective vehicles onto the shoulder of the roadway so as not to block the roadway.  Strict proof is demanded at trial.

45-46.  Denied as stated. This paragraph avers conclusions of law as to which no responsive pleading is required.  Defendants Danny Fantom and Old Dominion are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 45-46 of the Complaint.

47.     Denied as stated. Defendants Danny Fantom and Old Dominion are without knowledge or information sufficient to form a belief as to the truth of the

matters alleged in Paragraphs 47 of the Complaint, except that Plaintiff's vehicle struck the Old Dominion 2016 Freightliner VIN 1FUBGKD57GLGV9798, license no. MN6259 on February 13, 2016.

48.     Denied as stated. Defendants Danny Fantom and Old Dominion are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 48 of the Complaint.

49.     Denied as stated. Defendants Danny Fantom and Old Dominion are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 49 of the Complaint.

50.     Denied.  This paragraph avers conclusions of law as to which no responsive pleading is required.  By way of further answer, it is denied that Danny Fantom and/or its driver were negligent, and struck any vehicles due to any negligence on their part.  By way of further answer, it is specifically denied that Old Dominion, Danny Fantom and /or its driver acted or failed to act in any improper manner whatsoever and as described in Plaintiff's Complaint.  To the contrary and by way of further answer, Plaintiff's vehicle struck the Old Dominion 2016 Freightliner VIN 1FUBGKD57GLGV9798, license no. MN6259 on February 13, 2016 causing significant damage to Old Dominion's tractor.

51(a-m).  Denied.  This paragraph avers conclusions of law as to which no responsive pleading is required.  By way of further answer, it is denied that Danny

Fantom and/or its driver were negligent, and struck any vehicles due to any negligence on their part. By way of further answer, it is specifically denied that Old Dominion, Danny Fantom and /or its driver acted or failed to act in any improper manner whatsoever and as described in Plaintiff's Complaint. To the contrary and by way of further answer, Plaintiff's vehicle struck the Old Dominion 2016 Freightliner VIN 1FUBGKD57GLGV9798, license no. MN6259 on February 13, 2016 causing significant damage to Old Dominion's tractor.

52.     Denied.  This paragraph avers conclusions of law as to which no responsive pleading is required. By way of further answer, it is denied that Danny Fantom and/or its driver were negligent, and struck any vehicles due to any negligence on their part. By way of further answer, it is specifically denied that Old Dominion, Danny Fantom and /or its driver acted or failed to act in any improper manner whatsoever and as described in Plaintiff's Complaint. To the contrary and by way of further answer, Plaintiff's vehicle struck the Old Dominion 2016 Freightliner VIN 1FUBGKD57GLGV9798, License no. MN6259 on February 13, 2016 causing significant damage to Old Dominion's tractor. By way of further answer, Defendants Danny Fantom and Old Dominion are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 52 concerning the alleged damages and costs. Strict proof is demanded at time of trial.

WHEREFORE, Old Dominion Freight Line, Inc. and Danny Fantom respectfully requests this Honorable Court enter judgment in their favor and against Plaintiff and all other Defendants, together with court costs, reasonable attorney's fees and any other relief this Honorable Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1.     Any damages suffered by Plaintiff is the result of the acts of independent, intervening agencies over which Old Dominion and Danny Fantom had no power or control.

2.     Any damages suffered by Plaintiff are subject to reduction, in whole or in part, by Plaintiff's comparative and/or contributory negligence.

3.     Old Dominion and Danny Fantom performed each and every duty which was owed to any party in this litigation.

4.     Old Dominion and Danny Fantom acted at all times with due and proper care in a non-negligent fashion.

5.     Any act and/or omission of Old Dominion and Danny Fantom's agents, servants, workmen and/or employees alleged to constitute negligence, said acts being denied, were not the substantial causes or factors of the subject incident and/or did not result in the damages alleged by Plaintiff, said damages being denied.

6.     The incident and damages described in Plaintiff's' Complaint, said incident and/or damages being denied, were contributed to, or caused by Plaintiff or

other individuals and/or entities over whom Old Dominion and Danny Fantom had no control.

7.      Any negligence and/or careless and/or reckless acts and/or omissions of other individuals and/or entities, constitute intervening, superseding causes of the damages alleged to have been sustained by Plaintiff, said damages being denied.

8.      The incident and/or damages alleged to have been sustained by Plaintiff, said damages being denied, were not proximately caused by Old Dominion and Danny Fantom.

9.      Old Dominion and Danny Fantom at all times acted in a reasonable, prudent, and otherwise non-negligent manner, with due and proper care under the circumstances, and in good faith.

10.     Upon information and belief, Plaintiffs unreasonably failed to mitigate their damages.

11.     Upon information and belief, Plaintiff did not suffer any damages as alleged as a result of any alleged negligence on the part of Old Dominion and Danny Fantom.

12.     Plaintiff's claims are barred or limited by its violation of the rules, regulations and statutes of the Commonwealth of Pennsylvania and of all local authorities relevant hereto, governing the operation and parking of motor vehicles on the streets and highways.

13.     Old Dominion and Danny Fantom claim all defenses available to them under the provisions of the Pa. Motor Vehicle and Financial Responsibility Act set forth in 75 Pa. C.S.A. §1701, et seq.

14.     Upon information and belief, Plaintiff is barred from pursuing its claims based upon spoliation of evidence in that the motor vehicle involved in the alleged accident is no longer available for inspection.

15.     Plaintiff failed to have its truck and trailer under proper and adequate control.

16.     Plaintiff failed to operate its vehicle according to existing traffic weather conditions and/or traffic controls.

17.     Plaintiff operated its truck and/or trailer in a manner not consistent with the road conditions prevailing at the time.

18.     Plaintiff operated its truck and/or trailer in a manner so as to create a dangerous situation for other vehicles in the roadway.

19.     Plaintiff otherwise operated its truck and trailer in a negligent manner and fashion.

20.     Plaintiff's failure to properly maintain their trailer was negligent, constituted an assumption of the risk and/or violated applicable statutes or regulations.

21.     Plaintiff's failure to properly maintain the trailer was the proximate cause of their own harm and/or damages.

22.     Plaintiff's stopping on the highway in front of oncoming traffic was the proximate cause of the harm and/or damages claimed by it against Danny Fantom and Old Dominion.

23.     Plaintiff's failure to have both its vehicle and trailer completely off of the highway constituted negligence, assumption of the risk and/or a violation of applicable statutes and regulations.

24.     Old Dominion and Danny Fantom deny having taken any action in violation of the statutes, regulations or other laws of the Commonwealth of Pennsylvania, assuming their applicability to Old Dominion and Danny Fantom.

25.     Plaintiff's claims may be barred or limited by their contributory and/or comparative negligence.

26.     Plaintiff's claims are precluded by the sudden emergency doctrine.

27.     Plaintiff's claims are precluded as an Act of God and Old Dominion and Danny Fantom raise an Act of God as a complete or partial bar to any liability.

28.     Upon information and belief, Plaintiff failed to exercise reasonable care under the circumstances, and therefore recovery, if any, should be eliminated or reduced pursuant to the Pennsylvania Comparative Negligent Act.

29.     Plaintiff's claims are barred, or may be limited by the application of the liens and provisions of Pennsylvania's "Fair Share Act."  42 Pa. C.S.A. §7102.

## CROSSCLAIMS PURSUANT TO Fed. R. Civ. P. 13(g)
## <u>AGAINST ALL DEFENDANTS</u>

1.     Danny Fantom and Old Dominion incorporate their responses to Plaintiff's Complaint as if fully set forth herein.

2.     If it is determined that Plaintiff's Complaint states a claim upon which relief may be granted in whole or in part, the same being hereby denied, Old Dominion and Danny Fantom aver that Co-Defendants Transervice Logistics, Inc., FedEx Ground Package System, Inc., Estate of Alfred Kinnick, Shota Manvelidze, OMG Trucking Corp., Total Transportation of Mississippi, LLC, Clarence Herman, Landes Trucking, and Daniel Mollenkopf, are solely liable to Plaintiff, or are liable over to Old Dominion and Danny Fantom by way of Indemnification, contribution, and/or subrogation, or are jointly liable with the Old Dominion and Danny Fantom upon said claims and for all monies Old Dominion and Danny Fantom have paid or may be required to pay to Plaintiff.

WHEREFORE, Old Dominion and Danny Fantom respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff, Transervice Logistics, Inc., FedEx Ground Package System, Inc., Estate of Alfred Kinnick, Shota Manvelidze, OMG Trucking Corp., Total Transportation of Mississippi, LLC, Clarence Herman, Landes Trucking, and Daniel Mollenkopf, together with court

costs, reasonable attorney's fees and any other relief this Honorable Court deems appropriate.

## COUNTERCLAIMS PURSUANT TO Fed. R. Civ. P. 13(a)
## OLD DOMINION FREIGHT LINE, INC. V. NEW PRIME, INC.

### PARTIES, JURISDICTION AND VENUE

1.      Counterclaim Plaintiff Old Dominion Freight Line, Inc. ("Old Dominion") is a corporation duly organized and existing under the laws of the State of Virginia.  It maintains a headquarters at Thomasville, North Carolina.

2.      Counterclaim Defendant New Prime, Inc. ("New Prime") has pleaded that it is a Nebraska Corporation with its principal place of business in Springfield, Missouri.

3.      Jurisdiction is proper over this Counterclaim as it arises out of the same occurrence that is the subject matter of New Prime's Complaint, under 28 U.S.C. § 1367, and/or 28 U.S.C. § 1332 as the parties are diverse and the amount at issue exceeds $75,000.

4.      Venue is proper in this Judicial District as a substantial part of the events giving rise to the claim occurred herein.

### FACTS

5.      On February 13, 2016, an Old Dominion 2016 freightliner VIN 1FUBGKD57GLGV9798, license no. MN6259 driven by Old Dominion employee

was involved in a 64 vehicle pile-up on Interstate 78 (the "Old Dominion vehicle") during a sudden snow squall which affected visibility as well as the road surface.

6.     The Old Dominion vehicle had come to a stop during the course of the multiple collisions occurring on that date.

7.     After the Old Dominion vehicle came to a complete stop, a New Prime tractor-trailer, alleged by New Prime to be a silver Freightliner tractor, VIN # 3AJJGLD58GSHC3025 and Wabash trailer, VIN # 1JJV532B6FL840211, (the "New Prime vehicle"), was still in motion.

8.     The New Prime vehicle, still in motion, became involved in a collision, and turned over on its side, and while still moving crossed lanes and crashed on top of the front of the Old Dominion vehicle's tractor, which was at rest at the time of this collision, causing severe damage to the Old Dominion tractor.

9.     Upon information and belief, the New Prime vehicle was not being driven in a manner reasonably safe under the circumstances and conditions for driving at that time and place, including driving at a safe speed, driving at a safe distance from surrounding vehicles, and giving reasonable attention and vigilance to the road conditions in light of the poor weather conditions.

10.     At the time of the pile-up and collision with the Old Dominion vehicle, the New Prime vehicle was being driven and operated by its agent, servant, and/or employee within the course and scope of that agent's, servant's and/or employee's

duties, obligations, business and responsibilities for New Prime, and that driver was in no way driving or operating the vehicle on his own behalf, but solely on behalf of New Prime.

## NEGLIGENCE, VICARIOUS LIABILITY, RESPONDEAT SUPERIOR

11.     Old Dominion incorporates paragraphs 1 through 10 above as if fully set forth herein at length.

12.     New Prime is liable to Old Dominion for the conduct of the New Prime driver, either directly, vicariously, and/or under the doctrine of respondeat superior.

13.     New Prime, through its driver for which it is wholly and solely responsible, was negligent in the manner of operating its vehicle as follows:

(i)     Failing to operate its vehicle under proper and adequate controls that would have been reasonable under the circumstances and existing traffic and weather conditions;

(ii)     Driving at an excessive speed under the circumstances and conditions, including but not limited to the weather conditions, road conditions, and the manner in which the vehicles around the New Prime vehicle were driving;

(iii)     Failing to keep a reasonable lookout for hazards and other vehicles on the roadway;

(iv)     Failing to abide by the assured clear distance ahead rule, in violation of 75 Pa.C.S. §3361, which constitutes negligence per se;

(v)     Failing to avoid collisions by other vehicles;

(vi)     Failing to be reasonably vigilant and aware under the circumstances to avoid other vehicles;

(vii)     Failing to control the vehicle to prevent it from overturning;

(viii)   Failing to use and/or apply the braking mechanism, or take any other reasonable steps to avoid a collision;

(ix)     Driving with careless disregard for the safety of property in violation of 75 Pa. C.S.A. §3714; and/or in

(x)     Failing to properly train its driver as to how to operate the vehicle under circumstances of poor weather, poor visibility, and/or poor road conditions.

14.     As a direct and proximate cause of New Prime's negligence, the Old Dominion tractor was crushed under New Prime's vehicle, and suffered damages in excess of seventy-five thousand dollars ($75,000.00).

Wherefore, Counterclaim Plaintiff Old Dominion Freight Line, Inc. demands judgment against Counterclaim Defendant New Prime, Inc. for sums in excess of

seventy-five thousand dollars ($75,000.00), together with court costs, reasonable attorney's fees and any other relief this Honorable Court deems appropriate.

**FINEMAN KREKSTEIN & HARRIS, P.C.**

BY:  /s/ Michael J. Needleman
Michael J. Needleman, Esquire
PA ID No. 88253
1801 Market Street, Suite 1100
Philadelphia, PA  19103
215-893-9300
mneedleman@finemanlawfirm.com

February 13, 2018                Attorneys for Old Dominion Freight Line, Inc.
And Danny Fantom

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned does hereby certify that a true and correct copy of the within DEFENDANT DANNY FANTOM AND OLD DOMINION FREIGHT LINE, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES, CROSSCLAIMS and COUNTERCLAIMS was filed electronically this 13th day of February, 2018. Notice of this filing will be sent to all Parties by operation of the Court's electronic filing system or first class mail. Parties may access this filing through the Court's system.

Date: <u>February 13, 2018</u>      <u>/s/ Michael Needleman</u>
                               Michael J. Needleman, Esquire
                               PA ID.#88253
                               Attorney for Defendants Old Dominion
                               Freight Line, Inc. and Danny Fantom